# IN THE SUPREME COURT OF THE STATE OF NEVADA

ORLANDO G. LAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68100



FILED

APR 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Orlando Lay pleaded guilty to sexually motivated coercion while represented by Jeffrey Maningo. Thereafter, Lay hired Ben Nadig to represent him in a post-sentencing motion to withdraw his guilty plea based on Maningo's purported ineffective assistance. Nearly two years after the district court entered Lay's judgment of conviction, he filed the present petition for a writ of habeas corpus.[1] The district court denied the petition as untimely under NRS 34.726(1), concluding Lay did not

---

[1]Lay filed a petition for a writ of coram nobis before filing the present petition for a writ of habeas corpus. The district court denied Lay's coram nobis petition, and Lay did not appeal that decision. To the extent that Lay's present habeas petition draws from his earlier petition for a writ of coram nobis, we note that the district court entered its order denying Lay's coram nobis petition more than six months before Lay filed this appeal. Therefore, we are unable to address any alleged error in the district court's coram nobis decision. *See* NRAP 3(a)(1); *see also* NRAP 4.

16-11939

demonstrate (1) good cause for his delay or (2) that denying the petition would result in a fundamental miscarriage of justice.

Lay now appeals, arguing he is entitled to at least an evidentiary hearing because (1) Nadig's alleged ineffective assistance constitutes good cause for his failure to comply with NRS 34.726(1)'s one-year time-bar, (2) Maningo's alleged ineffective assistance is also good cause for failing to comply with NRS 34.726(1), and (3) failing to consider the petition amounts to a fundamental miscarriage of justice because Lay can adequately demonstrate his factual innocence. We reject these arguments and conclude that Lay cannot overcome NRS 34.726(1)'s one-year time-bar.

District courts must dismiss habeas petitions not filed within one year after a judgment of conviction[2] unless (1) there is good cause for the petitioner's delay, NRS 34.726(1); *State v. Eighth Judicial Dist. Court*, 121 Nev. 225, 231-32, 112 P.3d 1070, 1074 (2005); or (2) the petitioner can show that a fundamental miscarriage of justice would result if his petition is barred, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

First, Lay's ineffective assistance claims against Nadig—who represented Lay in a post-sentencing motion to withdraw his guilty plea—cannot constitute good cause to overcome NRS 34.726(1)'s one-year procedural bar. Where there is no statutory or constitutional right to counsel, ineffective assistance of counsel will not constitute good cause to

---

[2]Lay does not argue he filed his petition within the one-year time frame provided under NRS 34.726(1); indeed, Lay's judgment of conviction was entered November 19, 2012, and he filed the present petition December 5, 2014.

overcome procedural bars. *Crump v. Warden*, 113 Nev. 293, 303 n.5, 934 P.2d 247, 253 n.5 (1997). This court has never found a constitutional right to counsel for a post-sentencing motion to withdraw a guilty plea, *cf. Beals v. State*, 106 Nev. 729, 731, 802 P.2d 2, 4 (1990) (finding a constitutional right to counsel during a pre-sentencing motion to withdraw guilty plea), and neither the United States nor Nevada Constitutions recognize a right to counsel during postconviction proceedings, *McKague v. Whitley*, 112 Nev. 159, 163, 912 P.2d 255, 257-58 (1996) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Moreover, Lay has not discussed, and we have not found, any Nevada statute giving him a right to counsel for his post-sentencing motion to withdraw his guilty plea.

As such, the district court properly concluded that Lay did not overcome NRS 34.726(1)'s one-year time-bar because he had no constitutional or statutory right to counsel when Nadig represented him, and therefore, Lay did not have a right to the effective assistance of counsel. *See Crump*, 113 Nev. at 302-03 n.5, 934 P.2d at 253 n.5 (1997).

Second, Lay's claim that Maningo provided ineffective assistance is itself time-barred. Lay's claims against Maningo involve conduct that, if true, would have been apparent well within a year of his judgment of conviction,[3] and "an adequate allegation of good cause would sufficiently explain why a petition was filed beyond the [one-year]

---

[3]Reading Lay's petition holistically, it appears he argues Maningo provided ineffective assistance by (1) advising Lay a jury would convict him, (2) not believing Lay's claim to innocence, (3) advising Lay not to ruin a good plea offer by claiming innocence during the plea canvas, (4) not advising Lay of the immigration consequences of his plea, and (5) not seriously investigating Lay's innocence.

statutory time period. Thus, a claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause to excuse the delay." *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Thus, the district court properly determined Maningo's alleged ineffective assistance is not good cause for delay under NRS 34.726(1) because the claims against Maningo are themselves time-barred.

Finally, Lay argues the evidence shows that he is factually innocent, and therefore, applying NRS 34.726(1)'s time-bar constitutes a fundamental miscarriage of justice. The district court rejected this argument, concluding that Lay did not produce any new evidence and merely argued the evidence against him was insufficient to support a conviction.

"This court may excuse the failure to show cause [for delay] where the prejudice from a failure to consider the claim amounts to a fundamental miscarriage of justice." *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537 (internal quotation marks omitted). "In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence." *Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 875 (2014). "Actual innocence means that 'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)). Therefore, to avoid NRS 34.726(1)'s time-bar based on a "fundamental miscarriage of justice," the petitioner must present (1) new evidence, (2) showing he is factually innocent, (3) such that no reasonable juror would convict him. *Id.*

We agree with the district court's determination that Lay has failed to produce new evidence,[4] and his arguments merely challenge the legal sufficiency of the case against him, as opposed to demonstrating actual innocence. Therefore, the district court properly concluded that applying NRS 34.726(1)'s time-bar would not result in a fundamental miscarriage of justice.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[4]Lay filed a second habeas petition after the district court denied the present petition. The second petition purports to amend the present habeas petition by providing new evidence of Lay's innocence. First, Lay cannot amend a petition that the district court has already denied. Second, the "new evidence" tends to inculpate Lay. In a letter to an immigration judge, Lay's victim requests clemency for Lay's "mistakes" which were the result of a "weak moment." At best, the letter says that some unspecified details that were reported about the incident were incorrect, but "something did happen that night and it was not right."

cc: Hon. Stefany Miley, District Judge
Orlando G. Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk